UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Everett Jerome Tripodis,          Case No. 3:17-mc-23

        Plaintiff,

v.          ORDER

United States of America, et al.,

        Defendants.

Plaintiff Everett Jerome Tripodis initiated this litigation seeking the return of property he alleges the government seized following his arrest in April 2011. (Doc. No. 1). The government opposed Tripodis' motion, arguing it cannot return his property because it sent all of Tripodis' property it previously had in its possession to the Georgia Attorney General's Office. (Doc. No. 13). Tripodis then filed a motion to stay adjudication of his motion for the return of his property while he determined if the State of Georgia had it. (Doc. No. 17).

On April 23, 2020, I ordered Tripodis to file a status report on the progress of his inquiry with the State of Georgia. (Doc. No. 19). After I granted Tripodis' motion for an extension of time, (Doc. No. 21), Tripodis filed a status report, dated July 21, 2020, indicating he had sent two letters to Investigator Monty Mohr with the Georgia Attorney General's Office of Consumer Protection, one in October 2019 and a second in May 2020. (Doc. Nos. 22 and 22-1). He also stated he planned to attempt to contact Mohr by telephone while speculating Mohr, "who is up in age and likely susceptible to serious health risks if exposed to the coronavirus, is likely not working in the office just yet." (Doc. No. 22 at 3).

I ordered Tripodis to file another status report within 45 days. (Doc. No. 23). He did so, indicating, by letter dated September 8, 2020, that he had received an email from an investigator in response to Tripodis' voicemail message, which requested another copy of the list of items Tripodis seeks. (Doc. No. 24 at 1).

Pursuant to my order, Tripodis filed another status report, dated October 30, 2020. (Doc. No. 25). He stated he left Mohr another voicemail message on September 10, 2020, with his email address. (*Id.* at 1). Tripodis asserts Mohr responded by email, saying he had not received Tripodis' written correspondence. (*Id.*). It is not clear whether this voicemail and email sequence is different from the one Tripodis reported in his September 8 letter. Tripodis did assert that he arranged for someone else to email his property list to Mohr on October 19, 2020, and that this person followed up with Mohr on Tripodis' behalf on October 22, 2020. (*Id.* at 1-2). Tripodis asserted he was unable to telephone Mohr himself because he was placed on a quarantine lockdown due to Covid-19 infections in the facility at which he is incarcerated. (*Id.* at 2).

I ordered Tripodis to file another status report by January 15, 2021. (*See* non-document entry dated November 12, 2020). Tripodis' most recent status report is dated January 13, 2021. (Doc. No. 26). It is identical to July 21 status report, with the exception that Tripodis claims the city of Atlanta is under a stay-at-home order which prevents Mohr from determining whether his office has the items Tripodis seeks. (*Id.* at 3).

There are two problems with Tripodis' status report. The first is that it is inaccurate. Recent news reports indicate the city of Atlanta is in Phase 2 of Georgia's reopening plan, which advises residents to stay at home except to perform essential tasks. https://www.garda.com/crisis24/news-alerts/405586/us-officials-in-georgia-extend-current-coronavirus-disease-restrictions-through-at-least-december-15 (last visited January 29, 2021). Tripodis offers no reason to believe Phase 2 prohibits law enforcement officers like Mohr from performing their jobs.

The second and more pressing problem is that Tripodis' January 13 status report does not reflect that he has made any efforts to locate his property since October 22, 2020. I previously

warned Tripodis his case may be dismissed as the result of a lengthy period of inactivity.[1] (Doc. No. 19). While his earlier status reports reflected a slight uptick in his efforts to determine the location of his property, his January status report indicates he has not continued his periodic efforts to contact Mohr by telephone, email, or letter.

A case may properly be dismissed for want of prosecution "where there is a clear record of delay." *Evans v. Liberty Ins. Corp.*, 702 F. App'x 297, 299 (6th Cir. 2017) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). Tripodis initiated this litigation to seek the return of his property that allegedly was seized in April 2011. I previously warned Tripodis he was required to follow through on his representations that he would seek to determine which agency might be holding his property, yet his filings reflect he has made only minimal, occasional efforts to do so. Therefore, this case is dismissed without prejudice for want of prosecution. Fed. R. Civ. P. 41(b). Tripodis' pending motions, (Doc. Nos. 1 and 17), are denied as moot.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[1] On October 15, 2018, Tripodis filed a motion to postpone a ruling on his motion for the return of his property so that he could attempt to determine whether the Office of the Attorney General for the State of Georgia had his property. (Doc. No. 17). Tripodis' filings do not indicate he made any efforts to make such a determination between October 2018 and May 2020.